# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH HOANG NGUYEN, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-0127-ILRL-SS** |
| **ATLANTIC CASUALTY INSURANCE COMPANY** | |

## ORDER

MOTION FOR RECONSIDERATION OF OCTOBER 15, 2007 ORDER (Rec. doc. 16)

**GRANTED IN PART AND DENIED IN PART**

In August 2006, the plaintiffs, Joseph Hoang Nguyen and Thanh Chan Corporation, Inc., filed a petition for damages in state court against Atlantic Casualty Insurance Company ("Atlantic") arising out Hurricane Katrina. On January 5, 2007, the petition was removed to federal court. Rec. doc. 1. After Atlantic answered, the trial was set for May 7, 2008. The discovery cut-off is April 7, 2008. Rec. doc. 6.

On September 10, 2007, Atlantic filed a motion to compel discovery responses. It reported that it served written discovery on plaintiffs on August 1, 2007, but plaintiffs did not reply. On September 25, 2007, the plaintiffs served responses to Atlantic's discovery with objections. Rec. doc. 11 (Exhibit D). This was not reported to the undersigned and plaintiffs did not file any opposition to the motion. The motion was granted as unopposed. The order, which was signed on September 27, 2007 and entered on September 28, 2007, provides,

> The plaintiffs are ordered to respond to Atlantic's discovery requests fully and in writing, in accordance with Federal Rules of Civil Procedure 33 and 34 within ten

> (10) working days of the entry of this order. All objections to the discovery requests, except on the grounds of attorney-client privilege and work product doctrine, are deemed waived.

Rec. doc. 10. With weekends and a holiday, the tenth working day was Monday, October 15, 2007. Because the September 25, 2007 discovery responses contained objections, they did not comply with the September 27, 2007 order.

On September 28, 2007, Atlantic's counsel notified counsel for plaintiffs that, pursuant to the September 27, 2007, order all objections other than privilege or work-product were waived. Rec. doc. 11 (Exhibit E). On October 9, 2007, Atlantic filed a motion for demand for judgment. It contended that the plaintiffs' action should be dismissed for failure to comply with the September 27, 2007 order. Rec. doc. 11.

The plaintiffs immediately responded with an objection to Atlantic's demand for a judgment contending that the demand was premature as the time permitted by the order of September 27, 2007 had not yet expired. Rec. doc. 12. They stated that on October 9, 2007, they served supplemental responses to Atlantic's discovery. They did not, however, attach copies of the supplemental responses. Rec. doc. 12. Atlantic's demand for judgment was denied on October 15, 2007. Rec. doc. 15. The order provides,

> Since Atlantic's motion was filed, the plaintiffs filed an "Objection" in which they report that supplemental responses were served on October 9, 2007. Assuming that the responses complied with the September 27, 2007 order, the issue is moot as well.

Rec. doc. 15 at p. 2.

On October 16, 2007, Atlantic filed a motion for reconsideration of the October 15, 2007 order. The motion demonstrates that on October 9, 2007, the plaintiffs served supplemental responses to the discovery. They made a general objection based on attorney-client privilege and the work-product doctrine. They made seven other general objections, including, for example, the objection that the discovery seeks confidential or proprietary information. The answers to interrogatories were not made under oath as required by Fed. R. Civ. P. 33(b)(1). The plaintiffs identified documents for production, but they did not produce them. Rec. doc. 16 (Exhibit A). Atlantic also reports that plaintiffs have not provided dates for their depositions. Rec. doc. 16 at p. 2.

On October 19, 2007, the plaintiffs filed an objection to the defendant's motion for reconsideration. It states that on October 9, 2007, the plaintiffs amended their responses to Atlantic's discovery to remove all objections. Rec. doc. 18. This is not, however, what is reflected by the October 9, 2007 discovery responses. Rec. doc. 16 (Exhibit A). The plaintiffs also state that they provided Atlantic with all of the documents they have in their possession. They suggest that because the discovery deadline is April 7, 2008, there is considerable time to complete discovery. Rec. doc. 18. On October 23, 2007, the plaintiffs filed a supplemental and amending objection to the defendant's motion for reconsideration. Rec. doc. 21. They reported that when Atlantic notified them that it had not received plaintiffs' documents, all of the documents in their possession were sent to Atlantic. Id.

The plaintiffs did not comply with the September 27, 2007 order in the following respects:
1. The plaintiffs' supplemental responses, dated October 9, 207, contain objections other than

those permitted by the September 27, 2007 order.

2. The plaintiffs' answers to interrogatories were not made under oath as required by Fed. R. Civ. P. 33(b)(1).

3. The plaintiffs did not produce documents by October 15, 2007.

The undersigned is not unmindful of the difficulties that parties encounter in assembling information and documents in the wake of Hurricane Katrina.  The plaintiffs, however, did not comply with the September 27, 2007 order, and they did not seek relief from it.

The plaintiffs' shall proceed as follows:

1. By noon on Friday, November 2, 2007, they shall serve Atlantic with supplemental responses that fully comply with the requirements of Rules 33 and 34, including the requirement that answers to interrogatories be under oath.  The discovery responses may not contain any objection except based on the attorney-client privilege and work-product doctrine and then specific objections and not general objections.  If the plaintiffs make such an objection, they must provide a description of any documents withheld from production as required by Fed. R. Civ. P. 26(5)(A).

2. By noon on Friday, November 2, 2007, the plaintiffs shall provide Atlantic with at least five dates for their depositions so that Atlantic may select one.  If the parties cannot agree on a date for the depositions, plaintiffs' counsel shall contact the undersigned's office by Friday, November 9, 2007, and request a telephone discovery conference.

**The plaintiffs are cautioned that any further failure to comply with any order of the Court may result in a report and recommendation that plaintiffs' case be dismissed with**

**prejudice.**

IT IS ORDERED that Atlantic's motion for reconsideration of October 15, 2007 order (Rec. doc. 16) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 29th day of October, 2007.

                                                            SALLY SHUSHAN
                                            United States Magistrate Judge