```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOSEPH HOANG NGYUEN, THANH CHAU              CIVIL ACTION
CORPORATION, INC. D/B/A/ CAJUN JOE'S
SEAFOOD                                      NO. 07-127

VERSUS                                       SECTION B(1)

ATLANTIC CASUALTY INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is Defendant Atlantic Casualty Insurance Company's Motion for Summary Judgment. (Rec. Doc. No. 26). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion For Summary Judgment is **DENIED** with regard to the alleged damage to the gaming machine and ventilation system.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment is **GRANTED** with regard to all other damages caused by flooding.

*BACKGROUND*

Defendant Atlantic Casualty Insurance Company ["Atlantic"] issued commercial property insurance to Plaintiff insuring his business, Cajun Joe's Seafood, in the 9th Ward of Orleans Parish. The business sustained damage as a result of Hurricane Katrina. This damage allegedly included 6-7 feet of flooding, roof damage,

1

as well as other damage to the property.  Plaintiff brought suit against Defendant alleging that Defendant failed to pay for damages caused by the Hurricane which were covered by the insurance policy.

Defendant contends that given the clear policy language, which excluded coverage for damage caused by flooding, as well as Plaintiff's deposition testimony that all of his equipment was under water, Plaintiff's damages were not covered under the policy, and Defendant is, therefore, entitled to summary judgment.

Plaintiff contends, however, that despite the policy language, an issue of fact exists because of unsettled law regarding the anti-concurrent-causation clause in Plaintiff's policy. Additionally, the damage to two specific pieces of property, the building's ventilation system as well as a gaming machine, was not caused by flooding and was, therefore, covered under the policy.

### *DISCUSSION*

**A.   Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Plaintiff's Claim for Damages**

Plaintiff's insurance policy provided the following:

A.   COVERED CAUSES OF LOSS

When Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

1.   Excluded in Section B., Exclusions; or
2.   Limited in Section C., Limitations; that follow.

B.   EXCLUSIONS

We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any cause or event that contributes concurrently or in any sequence to the loss.
...

g.   Water
    (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
...

```
C.   LIMITATIONS

    The following limitations apply to all policy forms
and endorsements, unless otherwise stated.

    We will not pay for loss of or damage to property,
as described and limited in this section.  In addition,
we will not pay for any loss that is a consequence of
loss or damage as described and limited in this section.

...

c.   The interior of any building or structure, or to
     personal property in the building or structure,
     caused by or resulting from rain, snow, sleet, ice,
     sand or dust, whether driven by wind or not,
     unless:

     (1) The building or structure first sustains damage
     by a Covered Cause of Loss to its roof or walls
     through which the rain, snow, sleet, ice, sand or
     dust enters; or
     (2) The loss or damage is caused by or results from
     thawing of snow, sleet or ice on the building or
     structure.
```

Defendant contends that the clear policy language excluded coverage for damage caused by surface water, whether driven by wind or not. Additionally, Defendant argues that Plaintiff, at his deposition, admitted that all of his equipment was under water. Defendant, therefore, concludes that Plaintiff's damages were not covered under the policy.

The Court finds that the policy language in this case clearly excludes damage caused by flooding. *See Cochran v. State Farm Fire and Cas. Co.*, 2007 WL 3244753, *1 (finding that a policy which included similar language clearly and unambiguously excluded damage caused by flooding). Plaintiff contends, however, that despite the

4

clear language, an issue of fact exists because of unsettled law regarding the anti-concurrent-causation clause in Plaintiff's policy. Although the Louisiana Supreme Court has not ruled specifically on the validity of anti-concurrent-causation clauses such as the one in Plaintiff's policy, Courts in the Eastern District have found policies containing almost identical anti-concurrent causation clauses to be clear and to exclude damage caused by flooding. *See Bilbe v. Belsom*, 2007 WL 2042437 (E.D. La. 2007); *Downman Urgent Healthcare Clinic v. Zurich N. Am. Ins. Co.*, 2008 WL 686889 (E.D. La. 2008). Thus, the Court finds that Plaintiff's claims for damage as a result of flooding are precluded by the clear language of the policy and that summary judgment is granted with respect to these claims.

Plaintiff contends that the damage to two specific pieces of property, the ventilation system as well as a gaming machine, was not caused by flooding. He alleges that the ventilation system, which was located on the roof of the building, was damaged by wind. Additionally, he alleges that after the flooding subsided, individuals broke into the building and stole money from the gaming machine. Thus, the Court must determine whether Plaintiff should be compensated for these damages which were allegedly caused by forces other than flooding.

The Court will first address the claims regarding the gaming machine. Defendant has submitted a document which includes

Plaintiff's name and the address of his business and which is entitled "Total Loss of all Contents From Hurricane Katrina Aug. 28th-29th 2005." This document contains a total of 33 items with the amount of damage sustained to each item. Although the list includes the entry "Money Registers," nowhere does it mention a loss of cash due to theft from a gaming machine. Despite this fact, Plaintiff has submitted, along with its Opposition, two photographs which he claims create a material issue of fact regarding stolen cash. The photographs show a device, which appears to be a gaming machine, with large pieces ripped from the front side of it. While damage to the machine was not included in the list of estimates, the Court finds that given the nature of the damage depicted in the photographs, which includes large pieces of torn metal, the photographs are at least sufficient to create a genuine issue of material fact concerning the cause of the damage to the machines and the resulting missing cash.

Next, the Court will address the alleged damage to the ventilation system. Plaintiff did not list the ventilation system in the document described above which listed his damages. As in the case of the gaming machine, however, Plaintiff has submitted photographs in order to rebut Defendant's claims. The photographs, some of which are unclear, show a large piece of damaged machinery which is in pieces and which appears to be located on the roof. Given the possibility that property on the roof could sustain

damage as a result of wind, independent of any flooding that caused damage to the interior of the building, the Court finds that these pictures create an issue of material fact with regard to the cause of the damage to the ventilation system.  This issue of causation, as in the case of the gaming machine, is a question of fact to be decided at trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion For Summary Judgment is **DENIED** with regard to the alleged damage to the gaming machine and ventilation system.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment is **GRANTED** with regard to all other damages caused by flooding.

New Orleans, Louisiana this 24th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE